IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JAMES ALVIN BARNETT,

          Plaintiff

VS.

JAMES DONALD, *et al.*,

          Defendants

NO. 5:06-CV-225 (CWH)

PROCEEDINGS UNDER 42 U.S.C. § 1983
BEFORE THE U.S. MAGISTRATE JUDGE

# O R D E R

On September 13, 2006, the defendants in the above-styled case filed a motion to dismiss this §1983 action for failure to state a claim up which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Tab #14. They contend that dismissal is required because a detainer had not been filed prior to the time plaintiff JAMES ALVIN BARNETT initiated proceedings pursuant to the Interstate Agreement on Detainers ("IAD") (18 U.S.C. App. §2; GA. CODE ANN §§42-6-20 *et seq.*). The defendants take the position that the filing of a detainer by state authorities is a prerequisite to the filing of IAD paperwork by an inmate. On November 29, 2006, the undersigned issued an order directing the parties to file supplemental briefs with respect to the defendants' motion in order to address specifically whether the filing of a detainer is, in fact, a prerequisite to the filing of an action seeking relief under the IAD. Tab #32.

On December 21, 2006, the defendants filed a SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS which provided the court little guidance as to the timing of the filing of an IAD action. Tab #37. The defendants' supplemental brief cites cases from the supreme courts of Georgia and Indiana but provides no federal law on that issue even though it is clear that as a compact between the states the IAD is subject to federal interpretation. *See* ***Carchman v. Nash***, 473 U.S. 716 (1985). Accordingly, Georgia's interpretation is not binding on this federal court. Moreover, neither the Georgia nor Indiana cases cited by the defendants deals with the sequence of filing; i.e., whether the detainer must be in place before an inmate may file his IAD action. Rather, both cases simply deal with whether a detainer had been filed ***at all***. In the case at bar, it is clear that an official detainer was filed at some point, and thus the cases the defendants cite are not responsive to that issue.

Plaintiff Barnett's response to the defendants' supplemental brief (Tab #39) cites federal law in support of his contention that the filing of the detainer is *not* a prerequisite to the filing of an IAD action: ***Johnson v. Stagner***, 781 F.2d 758 (9th Cir. 1986) and ***U.S. v. Hutchins***, 489 F.Supp. 710 (N.D. Ind. 1980). *Hutchins* holds that "there is no explicit requirement that [the factors outlined in the IAD[1]] accrue in any special sequence." 489 F. Supp. at 713. The defendants cite no case and provide no argument in support of their contention that the detainer must be filed *before* the IAD paperwork is submitted. The undersigned is persuaded by the reasoning employed in *Hutchins*. Because the defendants seek dismissal solely on the ground that no detainer had been lodged prior to the initiation of IAD proceedings by plaintiff Barnett, their Motion to Dismiss (Tab #14) is **DENIED**.

FURTHERMORE, upon receipt of this order, the parties herein are directed WITHIN TEN (10) DAYS to advise the court of any and all motions pending in this proceeding.

SO ORDERED AND DIRECTED this 26th day of SEPTEMBER, 2007.



                                                     CLAUDE W. HICKS, JR.
                                                     UNITED STATES MAGISTRATE JUDGE

---

[1] The four factors are set out in *Hutchins*:
> According to Article III(a) of the Agreement, the requirement that a defendant be brought to trial on certain charges within 180 days is triggered when the following four factors are present: (1) the defendant has entered upon a term of imprisonment in a penal or correctional institution of a party State, (2) during the continuance of that term of imprisonment the charges in question are pending against the defendant in another party State, (3) a detainer based on such charges has been lodged against the defendant, and (4) the defendant has caused written notice and request for final disposition of the charges to be delivered to the appropriate prosecuting authorities and court. 489 F.Supp. at 713.